**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

TRANSAMERICA LIFE
INSURANCE COMPANY,

        Plaintiff,

v.                                  Civil Case No. 3:14cv624

SAM SALLOME,
ANDREW LETKAUSKAS,
and LEIGHA LETKAUSKAS,

        Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on the plaintiff Transamerica Life Insurance Company's *Motion for Order Granting Leave to Deposit Interpleader Funds into the Registry of the Court and to Be Dismissed with Prejudice* (Dk. No. 12) and *Motion for Order to Be Reimbursed* (Dk. No. 14). Because this action satisfies the jurisdictional requirements for an interpleader action under 28 U.S.C. § 1335(a), the Court grants the Motion to Deposit Funds into the Court's registry and dismisses Transamerica from the matter. The Court also grants the Motion for Reimbursement in the amount of $11,617.00.

**I. PROCEDURAL HISTORY**

In its complaint, Transamerica asks the Court to determine the rightful beneficiary of Transamerica Individual Single Premium Fixed Deferred Annuity, Policy Number XXXXXXX4972 (the "Policy"), which insured the life of Jennie L. Sallome ( "Mrs. Sallome"), totaling $80,197.04. Mrs. Sallome died, and Transamerica asks the Court to distribute the

proceeds among the potential beneficiaries of the Policy. Transamerica names as defendants Mrs. Sallome's son Sam Sallome ("Sam"), and her two grandchildren Andrew Letkauskas ("Andrew") and Leigha Letkauskas ("Leigha").

Andrew and Leigha did not answer the complaint,[1] and Sam's response was not proper.[2] Accordingly, the Court deems all facts alleged in the complaint as true. Upon review of the file, the Court finds the Motion to Deposit Funds and Motion for Reimbursement proper and GRANTS the motions.

## II. BACKGROUND

On or about December 31, 2008, Mrs. Sallome opened the Policy with Transamerica. Initially, she named Andrew and Leigha as co-beneficiaries, with each receiving 50 percent of the Policy's death benefit proceeds.

In the fall of 2010, Transamerica received several Annuity Policy Change Forms altering the beneficiary designations for the Policy in quick succession. First, on October 11, 2010, Transamerica received a form from Mrs. Sallome changing the designation so that the Policy proceeds would be disbursed 50 percent to Sam, 25 percent to Leigha, and 25 percent to Andrew. Two days later, on October 13, Transamerica received a form from Mrs. Sallome changing the designation so that the Policy proceeds would be disbursed entirely to Sam. Then on November 4, Transamerica received a form from Mrs. Sallome, signed by her daughter Gail as Power of Attorney, changing the designation back to their original division, half to Andrew and half to

---

[1] Andrew and Leigha's mother Gail Letkauskas ("Gail") sent a letter to the Court on September 30, 2014 (Dk. No. 10), but unless she is a licensed attorney, Gail cannot represent her adult children.

[2] Sam's one-paragraph "Response to Complaint" (Dk. No. 4) does not follow the form required by the Federal Rules of Civil Procedure. On top of that, it disputes only the allegation that he had taken advantage of his mother's dementia, an allegation Transamerica never makes. Transamerica's complaint reflects simply that Mrs. Sallome's surviving family members dispute who should receive the Policy's proceeds.

Leigha, with nothing to Sam.  On November 24, Transamerica received a letter from Mrs. Sallome with several enclosures.[5]  The letter, signed by Mrs. Sallome, stated that the November 4 beneficiary change occurred without her knowledge or consent and she wanted the designation changed back to Sam receiving 100 percent of the Policy proceeds.

Mrs. Sallome died on March 8, 2014, in Richmond, Virginia.  A month later, on April 8, Transamerica received a letter from Gail, disputing the payment of the Policy proceeds to Sam and alleging the November 24 change in beneficiaries had been done fraudulently.  In April 2014, Sam made a formal claim to the Policy's proceeds.  As of June 19, 2014, the Policy's proceeds totaled $80,197.04.  In this lawsuit, Transamerica says that it has considered the competing claims of Sam, Andrew, and Leigha, and cannot determine which party is the rightful beneficiary under the Policy.

## II. DISCUSSION

### A. Interpleader

An interpleader action allows the holder of some property to bring together into one lawsuit two or more people who make opposing claims to that property.  Insurance companies frequently file interpleader actions when competing beneficiaries dispute who among them should receive a policy's proceeds.  In some circumstances, a federal court has original jurisdiction over an interpleader action.  Under 28 U.S.C. § 1335(a), a district court has jurisdiction over an interpleader if (1) the money or property involved is worth at least $500 and (2) two or more of the parties disputing ownership are "diverse," meaning they come from

---

[5] The enclosures included: a notarized statement that the November 4 change occurred without her knowledge and that she intended Sam be the sole beneficiary of the proceeds; a form purporting to designate Sam as Mrs. Sallome's power of attorney; a handwritten cease and desist notice directed to Gail from Sam on behalf of Mrs. Sallome; a letter sent from Sam to a lawyer retained by Gail to help in the disposition of Mrs. Sallome's assets upon her death; and a notarized statement signed by Mrs. Sallome removing Gail as her power of attorney.

3

different states.  Under those circumstances, the plaintiff, unsure of the true legal ownership, can pay the money or value of the property over to the court and allow the court to determine the rightful owner.

The facts presented by Transamerica satisfy the requirements of § 1335(a).  The Policy's value exceeds $500, and at least two of the adverse claimants are diverse under § 1332(a)(1): Sam resides in Virginia, and Andrew and Leigha reside in New York.  Sam claims an interest in the proceeds of the Policy.  Although Andrew and Leigha have not answered or appeared on their own behalf, the letter sent to the Court by their mother Gail included as attachments statements from Andrew and Leigha that voice interests in the proceeds of the Policy. Transamerica tells the Court that it is prepared to pay the proceeds of the Policy into the registry of the Court, so the Court will order Transamerica to do so.

In response to Transamerica's Motion to Deposit Funds, Sam filed a response styled "Motion for Denial of Transamerica Request for Trial w/ Prejudice 1/1/15." (Dk. No. 17.)  In that filing, Sam appears to argue that Transamerica failed to diligently investigate who should receive the Policy's proceeds, but he provides no citations to case law or precedent for that point.[7]  Instead, it appears that Sam deems Transamerica's investigation inadequate because it did not conclude that he is the sole beneficiary.  The investigation and facts presented by Transamerica meet the jurisdictional elements required for an interpleader action, so the Court will grant Transamerica's motion.

---

[7] The duty to investigate in an interpleader action arises when the insurer asks for attorney's fees and costs, but the Court determines that the conflicting claims could easily have been resolved by the insurer in the ordinary course of the insurer's business.  *See Canada Life Assur. Co. of Canada v. Grose*, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006).  With the competing claims and insinuations of fraud, the facts justify this interpleader action.

After it deposits the Policy's proceeds with the Court, Transamerica will be discharged from any and all liability to Sam, Andrew, and Leigha in relation to its payment of the benefits under the policy. The Court also dismisses Transamerica from this action and, as authorized by 28 U.S.C. § 2361,[8] prohibits Sam, Andrew, and Leigha from filing any action or proceeding against Transamerica arising out of, or related to, the Policy in any federal or state court.

The Court retains jurisdiction of this action to determine the respective rights of Sam, Andrew, and Leigha to the benefits of the Policy as well as Transamerica's right to costs and attorney's fees.

### B. Attorneys' Fees and Costs

Transamerica also asks the Court to order reimbursement of its attorneys' fees and costs incurred in bringing this action. When it comes to filing an interpleader action such as this one, an insurance company may recover its attorneys' fees under the logic that it should not have to bear its own costs in trying to avoid "the possibility of multiple litigation." *Sun Life Assur. Co. of Canada v. Bew*, 530 F. Supp. 2d 773, 775 (E.D. Va. 2007); *see also Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007) (noting that "federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs

---

[8] 28 U.S.C. § 2361 provides as follows:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C.A. § 2361.

associated with bringing the action forward"). The ultimate decision to grant reimbursement for those fees and costs remains in the Court's discretion. *See Sprague*, 251 F. App'x at 156. Here, Transamerica is entitled to recover its fees.

Sam requests that the Court deny Transamerica's Motion for Reimbursement. As explained below, however, the Court concludes that Transamerica properly filed this interpleader action, and therefore is entitled to reimbursement for the costs and fees associated with bringing the action.

The plaintiff in an interpleader action can recover "reasonable" fees. *Bew*, 530 F. Supp. 2d at 776; *see also Sun Life v. Grose*, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006). Courts within this district determine the reasonableness of attorneys' fees by asking "whether [the moving party] could, in equity and good conscience, be required to assume the risk of a multiplicity of actions and possibly erroneous election." *Mfrs. Life Ins. Co. v. Johnson*, 385 F. Supp. 852, 854 (E.D. Va. 1974). The Court finds an award of attorneys' fees and costs appropriate in this situation. Certainly, Transamerica finds itself at risk for three separate litigations, one from each potential beneficiary.

Transamerica requests reimbursement for attorneys' fees in the amount of $11,167.00 and costs in the amount of $450.00. After reviewing Transamerica's submissions and the affidavits accompanying its Motion for Reimbursement, the Court finds those amounts reasonable. Each step taken by Transamerica in this action directly advanced the effort to determine the rightful distribution of the Policy's proceeds. Accordingly the Court grants Transamerica's motion for reimbursement in the amount of $11,617.00.

## III. CONCLUSION

Finding the requirements of § 1335(a) met, the Court grants Transamerica's Motion to Deposit Funds and Motion for Reimbursement.  Upon payment of the Policy's proceeds to the Clerk, the Court dismisses Transamerica from this action.

The Court will enter an appropriate Order.

The Court will issue a separate Order telling Sam, Andrew, and Leigha how to present their competing claims to the Court.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and the *pro se* defendants.

Date:  January 14 , 2015
       Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7